# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| VICKIE L. MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:17-CV-45-TLS |
| ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Plaintiff, Vickie L. Mitchell, seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits and supplemental security income. The Plaintiff claims that the Commissioner made errors in determining that she is able to perform her past relevant work. Specifically, she asserts that the Administrative Law Judge (ALJ) should have found that her status-post left radial fracture with open reduction and internal fixation of her carpal tunnel syndrome was a severe impairment. The Plaintiff also maintains that the ALJ's determination that she was able to perform medium exertion work is contradicted by two pieces of evidence that the ALJ erroneously discounted.

For the reasons stated in this Opinion and Order, the Court finds that substantial evidence supports the ALJ's decision, and that there is no basis to remand for further review.

## BACKGROUND

On December 20, 2013, the Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, and on December 31, 2013, filed an application for supplemental security income under Title XVI. The alleged onset date of her disability is

September 15, 2011. After her claim was denied initially, as well as upon reconsideration, the Plaintiff requested a hearing before an ALJ. On December 4, 2015, the Plaintiff, who was represented by an attorney, participated in a hearing before the ALJ. A vocational expert also testified. On December 29, 2015, the ALJ issued a written decision, applying the well-known five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).

At the first step, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since September 15, 2011, the alleged onset date. At the second step, the ALJ determined that the Plaintiff's chronic obstructive pulmonary disease (COPD) was a severe impairment that significantly limited her physical ability to do basic work activities. However, none of her other impairments caused more than minimal functional limitations. For example, the ALJ found that the Plaintiff's left wrist fracture had healed, and her hypertension was controlled and non-severe.

At step three, the ALJ considered whether the Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the impairments listed by the Administration as being so severe that it presumptively precludes SGA. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ concluded that the Plaintiff did not have any impairments, or combination of impairments, that met any listing, and noted that there were no acceptable medical sources who opined otherwise.

Next, the ALJ was required, at step four, to determine the Plaintiff's residual functional capacity (RFC), which is an assessment of the claimant's ability to perform sustained work-related physical and mental activities in light of her impairments. SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ concluded that the Plaintiff had the RFC to perform

medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), but with certain environmental limitations necessitated by her COPD.

At the final step of the evaluation, the ALJ determined that the Plaintiff was not disabled because she was capable of performing her past relevant work as an assembler, production; cashier-checker; power-press operator with hand launderer; and cleaner, commercial or institutional.

The Plaintiff sought review of the ALJ's decision by the Appeals Council. In December 2016, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Plaintiff seeks judicial review under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A claimant is disabled only if he shows an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). He has the burden of proving disability. *See* 42 U.S.C. § 423(d)(5)(A). He must establish that his physical or mental impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In this substantial-evidence determination, the court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the court conducts a "critical review of the evidence" before affirming the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an inadequate discussion of the issues. *Id.*

The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). If the Commissioner commits an error of law, remand is warranted without regard to the volume of evidence in support of the factual findings. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

**ANALYSIS**

**A.    Step Two Findings**

An applicant for benefits must be found to have a severe impairment. The applicable regulations advise applicants that "[i]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also Bowen v. Yuckert*, 482 U.S. 137, 149–50 (1987) (disability insurance benefit payments require a "threshold showing of medical severity"). The claimant has the burden to prove that an impairment is severe. *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010).

Here, the ALJ found that the Plaintiff's COPD was a severe impairment. The Plaintiff asserts that the ALJ should have also considered her status-post left radial fracture with open reduction and internal fixation of her carpal tunnel syndrome to be severe. The ALJ's decision specifically addressed whether the Plaintiff's radial fracture was severe. The ALJ noted that the 2009 injury preceded the Plaintiff's amended alleged onset date (September 15, 2011), and that the Plaintiff did not keep any of her follow-up appointments after wrist surgery for nearly two years. In March 2011, when she eventually sought treatment, her only complaint was that she could feel the hardware. However, she specifically reported no discomfort or problems with range of motion. The examination revealed full range of motion in the fingers and wrist.

The ALJ also cited the February 2014 consultative examination with Dr. B.T. Onamusi, where the Plaintiff demonstrated 5/5 strength in all muscle groups, intact sensation in all extremities, and normal reflexes in the elbows and wrists. Additionally, the Plaintiff could reach

5

forward, push, pull, and use her hands for fine coordination, manipulative tasks, and fine fingering movements. Although Dr. Onamusi noted mild discomfort on the volar aspect of the wrist and distal forearm, the Plaintiff had full range of motion at the extremities.

Finally, the ALJ looked to the records of the Plaintiff's treating physician, Dr. Xue Yi Chen. These records contained no evidence that Dr. Chen had treated the Plaintiff for any residual problems associated with the 2009 injury. Therefore, the ALJ found that the Plaintiff's "healed left wrist fracture does not cause more than minimal functional limitations." (R. 20.)

With respect to the Plaintiff's assertions of disability due to carpal tunnel, for which she reported undergoing a release in 1995, the ALJ noted that there was no evidence that the Plaintiff had received any treatment during the period under adjudication. None of Dr. Chen's records contained any reports of related symptoms.

The Court finds no error in the ALJ's conclusion that the Plaintiff's healed fracture and carpal tunnel were not severe impairments. Rather, substantial evidence supports the ALJ's finding that these impairments did not significantly limit the Plaintiff's physical ability to perform basic work activities. The Plaintiff cites to no objective, medical signs and findings to the contrary for the period in question, and has thus failed to meet her burden. *See* SSR 85–28, 1985 WL 56856, at *4 (Jan. 1, 1985) ("At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.").

The Court also notes that, "[d]eciding whether impairments are severe at Step 2 is a threshold issue only; an ALJ must continue on to the remaining steps of the evaluation process as long as there exists even one severe impairment." *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir.

6

2012). Here, the ALJ determined that the Plaintiff suffered from at least one severe impairment, which caused the ALJ to proceed through the sequential process. Thus, even if additional conditions should have been considered severe, the error would not matter unless the ALJ also failed to consider all the Plaintiff's impairments, both severe and non-severe, when he determined her RFC. *See Curvin v. Colvin*, 778 F.3d 645, 649–50 (7th Cir. 2015). On appeal, the Plaintiff contends that the ALJ failed in this regard at step four when he did not include any limitations for the Plaintiff's wrist fracture and carpal tunnel in the RFC. The Court addresses this argument next.

**B.     Residual Functional Capacity**

The Plaintiff asserts that the ALJ committed two errors in assessing what she could still do in light of her impairments. First, she maintains that the ALJ substituted his own opinion that the Plaintiff could perform medium exertional work for the opinion of Dr. Onamusi that the Plaintiff "should be able to engage in light physical demand level activities." (R. 360.) Second, the Plaintiff claims that, although the ALJ purported to give significant weight to the third party functional report of the Plaintiff's friend, Linda Jones, he then cherry-picked certain findings. According to the Plaintiff, Ms. Jones's report supports functional limitations greater than those expressed by the RFC when she reported that the Plaintiff avoided yard work and heavy lifting because it made the Plaintiff's arm hurt.

In support of her argument concerning Dr. Onamusi's opinion, the Plaintiff relies on the principle that an ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence, and that the contradictory opinion of a non-examining physician does not,

7

by itself, suffice. (Pl.'s Opening Br. 7 (citing *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).) The Plaintiff then notes that Dr. Onamusi clearly documented during his examination that the Plaintiff's grip strength of 32 pounds with her left hand was 20 pounds less than her 52-pound grip strength with the right hand. The ALJ, in fact, also noted this discrepancy. However, he found it insignificant because "Dr. Onamusi did not indicate that the amount of force applied to grasp an object is dispositive of the ability to lift and carry." (R. 24.) The Plaintiff does not address the ALJ's rationale.

Neither does the Plaintiff explain how *Gudgel* is applicable. In that case, the ALJ rejected the opinion of a treating physician in favor of the opinion of a doctor who did not physically examine the plaintiff. Dr. Onamusi was not the Plaintiff's treating physician. Rather, he fits the definition of a nontreating source. *See White v. Barnhart*, 415 F.3d 654, 658 (7th Cir. 2005) (finding that doctor who only examined the claimant one time was a nontreating source, defined as "a physician . . . who has examined you but does not have, or did not have, an ongoing treatment relationship with you") (quoting 20 C.F.R. § 404.1502)). As the ALJ noted here, Dr. Onamusi's opinion "was based on a single visit of record and primarily upon the claimant's subjective report." (R. 24.) The ALJ also explained that he was giving only partial weight to Dr. Onamusi's assessment that the Plaintiff could engage in light physical activity because it was "not consistent with the record as a whole." (*Id.*) The ALJ cited the lack of "corroborating medical evidence of record supporting light exertional restrictions," and specifically noted that both the exam findings of Dr. Chen, the Plaintiff's treating physician, and of Dr. Onamusi were "grossly unremarkable." (*Id.*) All of these were proper considerations under the social security regulations that govern how medical opinions are weighed. *See* 20 C.F.R. §§ 404.1527(c),

8

416.927(c) (citing treatment relationship, supportability, and consistency as relevant factors). The Court finds that substantial evidence supports the ALJ's decision to give only partial weight to Dr. Onamusi's opinion.

The Plaintiff's final evidentiary piece is a third party functional report. In that report, the Plaintiff's friend described various activities that the Plaintiff engaged in, but stated that the Plaintiff "doesn't do yard work because it makes her arm hurt. She cannot do heavy lifting because it will make her arm hurt." (R. 315.) The Plaintiff argues that it was wrong for the ALJ to ignore the statement about lifting when he otherwise purported to rely on the report. This argument loses its teeth when considered in context. The ALJ did not attempt a line for line analysis of the report. Instead, he wrote that the report was "broadly consistent with the record as a whole, which as detailed above, revealed intact respiratory and musculoskeletal functioning." (R. 24.) Thus, it is apparent from the ALJ's decision that he gave credence to the report to the extent it was consistent with the objective medical evidence regarding functioning and, that, for the most part, he found Ms. Jones's observations to be consistent with the record. The ALJ did not ignore an entire line of evidence. Although the Plaintiff wanted the ALJ to assign more weight to a particular statement in the report, Ms. Jones did not define what she meant by "heavy lifting," or indicate the frequency of lifting that would cause the Plaintiff's arm to hurt. Thus, it is not even obvious that the ALJ would have thought that this statement represented a departure from the record as whole, or that it was inconsistent with medium exertion work.

The ALJ has "explain[ed] [his] decision in such a way that allows [the Court] to determine whether []he reached h[is] decision in a rational manner, logically based on h[is] specific findings and the evidence in the record." *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th

9

Cir. 2011). Every portion of the ALJ's decision that discussed the impairments that could have impacted the Plaintiff's ability to use her left arm for lifting was supported by such relevant evidence as a reasonable mind might accept as adequate to support the ALJ's conclusion. Having conducted a critical review, the Court finds that there is no basis for remand that would not impermissibly involve reweighing the evidence and substituting the Court's own judgment for that of the Commissioner.

**CONCLUSION**

For the reasons stated above, the decision of the Commissioner is AFFIRMED.

SO ORDERED on January 16, 2018.

                                            s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT